UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE HAWKINS, #134265,

                Plaintiff,        Civil Action No. 14-13285
                                             Honorable Mark A. Goldsmith
v.                                             Magistrate Judge David R. Grand

DANIEL A. HEYNS,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANT'S MOTION FOR DISMISSAL [10]

Before the Court is the Motion for Dismissal filed by Defendant Daniel Heyns ("Heyns") on November 3, 2014. (Doc. #10). On January 23, 2015, *pro se* Plaintiff Jessie Hawkins ("Hawkins"), an incarcerated person, filed a response this motion. (Doc. #15). No reply was filed. An Order of Reference was entered on August 27, 2014, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #5).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

## I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Heyns' Motion for Dismissal [10] be **GRANTED**.

## II.    REPORT

### A.    Background

This is a *pro se* civil rights action brought under 42 U.S.C. §1983 by Jessie Hawkins, a

prisoner confined by the Michigan Department of Corrections ("MDOC"). (Doc. #1). The sole defendant in this action is MDOC Director Daniel Heyns. (*Id.*). Hawkins was incarcerated at the St. Louis Correctional Facility at the time he filed his complaint; however, all of the allegations in his complaint pertain to a time during which he was at Duane Waters Hospital ("DWH") recovering from back-to-back strokes. (*Id.* at 5-8). Hawkins' complaint contains detailed allegations concerning an alleged assault he suffered while at DWH by a nurse and two guards, but it contains no allegations whatsoever against Heyns. (*Id.*). On November 3, 2014, Heyns filed the instant motion, arguing that Hawkins' complaint should be dismissed because he has not alleged the requisite level of personal involvement necessary for liability under §1983. (Doc. #10).

    **B.**    **Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing

*Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C. Analysis**

In his motion, Heyns argues that Hawkins' claims against him should be dismissed because there are no allegations in the complaint that Heyns, individually and directly, violated Hawkins' Constitutional rights.[1] (Doc. #57). The Court agrees.

In order to demonstrate liability under §1983 as to any particular defendant, a plaintiff must first establish that that defendant acted under color of state law and that his actions violated rights secured by the Constitution and/or laws of the United States. *See Baker v. McCollan*, 443 U.S. 137 (1979). The plaintiff also must make a clear showing that the defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, §1983 liability

---

[1] Heyns also asserts that Hawkins' claims are barred by qualified immunity. Because the Court is recommending that Hawkins' complaint be dismissed on other grounds, it need not address the merits of this argument.

cannot be premised upon mere allegations of *respondeat superior*, *i.e.*, supervisory liability; rather, a defendant can only be liable under §1983 if the plaintiff shows that he personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421. A supervisory official's awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, are insufficient to trigger §1983 liability. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). In other words, liability under §1983 must be based upon active unconstitutional behavior, not a "mere failure to act." *Shehee v. Luttreell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal quotations omitted).

In this case, Hawkins has failed to satisfy these standards. Heyns is the Director of the MDOC. Hawkins does not allege that Heyns had any direct, personal involvement in the events at issue in his complaint. Indeed, Heyns is not even mentioned in the body of Hawkins' complaint. (Doc. #1). In his response to Heyns' motion for dismissal, Hawkins asserts:

> Director Heyns should indeed be held liable and responsible for [the alleged assault by the nurse and guards], as Director Heyns is ultimately responsible for the over all [sic] functions and conditions of Michigan prisons as well as overseeing that the proper training is being given to prison officials.

(Doc. #15 at 1). However, this is nothing more than an attempt to improperly impose *respondeat superior* liability on an individual who did not himself directly participate in the alleged unconstitutional conduct. *See Shehee*, 199 F.3d at 300 (holding that "§1983 liability must be based on more than *respondeat superior*, **or the right to control employees**") (emphasis added) (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). Accordingly, Hawkins has failed to allege the requisite level of personal involvement to impose §1983 liability against Heyns. *See, e.g., Sanders v. Mich. Dep't of Corr.*, 2011 WL 4852269, at *3 (E.D. Mich. Oct. 12, 2011) (dismissing §1983 claim against Heyns where plaintiff failed to allege "any facts which

indicate that Director Heyns personally or intentionally violated his constitutional rights").

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Heyns' Motion for Dismissal [10] be **GRANTED** and Hawkins' complaint be dismissed.[2]

Dated: February 12, 2015          s/David R. Grand
Ann Arbor, Michigan               DAVID R. GRAND
                                  United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the

---

[2] Although Hawkins does mention other individuals in his complaint, Heyns is the only named defendant in this action. Moreover, Hawkins has not argued that he intended to sue other individuals (in addition to Heyns). Thus, dismissal of this action in its entirety is appropriate.

5

objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
